**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSINSKI GROUP, INC.** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | **NO. 07-1870** |
| **CITY OF PHILADELPHIA** | : | |
| | : | |
| **Defendant** | | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Plaintiff and Defendant, by and through their undersigned counsel, hereby submit the following Proposed Jury Instructions, pursuant to this Honorable Court's Policies and Procedures. In addition, the parties request instructions on the following "familiar" points of law.

Credibility of Witnesses – Right to Disregard Testimony

Credibility of Witnesses – Inconsistent Statements

Credibility of Witnesses – Discrepancies in Testimony

Credibility of Witnesses – Expert Testimony

Evidence

Preponderance of the Evidence

False in One, False in All

Number of Witnesses

Province of the Jury

Function of the Court

Plaintiff and Defendant, by and through their undersigned counsel, hereby submit the following Proposed Third Circuit Model Jury Instructions, pursuant to this Honorable Court's Policies and Procedures.

**Third Circuit Model Jury Instructions**

4.1 – Section 1983 Introductory Instruction

4.2 – Section 1983 Burden of Proof

4.3 – Section 1983 Elements of Claim

4.4.1 – Section 1983 Action Under Color of State Law Is Not in Dispute

4.5 – Section 1983 Deprivation of a Federal Right

4.8.1 – Compensatory Damages

4.8.2 – Nominal Damages

In addition to the instructions on the above familiar points of law, and the instructions based upon the Third Circuit Model Jury Instructions, the Defendants, by and through their attorney, Armando Brigandi, hereby submit the following proposed jury instructions, pursuant to this Honorable Court's Policies and Procedures.

(see following pages)

**DESCRIPTION OF CASE**

This is a civil rights action commenced by the plaintiff, Rosinski Group, Inc., against the defendant, City of Philadelphia, alleging deprivations of his right to substantive and procedural due process, pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment of the Constitution of the United States.

*MODEL CIVIL JURY INSTRUCTIONS, 1.2 Description of Case; Summary of Applicable Law (U.S. COURT OF APPEALS, 3D CIR. 2004).*

**PLAINTIFFS' CLAIMS UNDER 42 U.S.C. § 1983**

Section 1983 provides: "Every person who, under color or any statute, ordinance, regulation, custom, or usage of any State or Territory . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." 42 U.S.C. § 1983. In order for the plaintiff to be able to recover damages under § 1983, he must prove by a preponderance of the evidence all of the following facts:

(a) that the defendant knowingly deprived him of his rights;

(b) that when the plaintiff was deprived of her rights, the defendant was acting under the color of state law;

(c) that the defendant was responsible for actions of which the plaintiff complains;

(d) and that the actions complained of were the proximate cause of damage to the plaintiff.

*City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985); 3 DEVITT, BLACKMAR AND WOLFF, FEDERAL JURY PRACTICE AND INSTRUCTIONS, CIVIL, § 103.03 (4th ed. 1987).*

**SUBSTANTIVE DUE PROCESS UNDER SECTION 1983**

The due process clause protects property owners from arbitrary actions of government officials which denies the owners the use and enjoyment of their property. County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998). However, "only the most egregious official conduct can be said to be arbitrary in a constitutional sense." Id. (citation omitted). The Due Process Clause is violated by executive action only when it "can properly be characterized as arbitrary, or conscience shocking in a constitutional sense." Id. at 847 (citing Collins v. Harker Heights, 503 U.S. 115, 128 (1992)); United Artists Theatre Circuit, Inc. v. Township of Warrington, PA, 316 F.3d 392, 401 (3d Cir. 2003). Therefore, to prove a violation of due process as it relates to the denial of a property right, a plaintiff must show that the government action was such an abuse of power as to be conscience shocking. Lewis, 523 U.S. at 846-47; United Artists, 316 F.3d at 401; Bennett Levin v. Upper Makefield Township, No. Civ. A. 99-cv-5313, 3002 WL 21652301, at *7 (E.D. Pa. Feb. 25, 2003).

## GOVERNMENT'S REGULATION OF PRIVATE PROPERTY

It is well established that the state has the right to regulate the use and condition of property for public health and safety. Id.; Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 491-92 (1987); California Reduction Company v. Sanitary Reduction Works of San Francisco, 199 U.S. 306 (1905); Freeman v. Dallas, 242 F.3d 642, 652 (5th Cir. 2001).

**PROCEDURAL DUE PROCESS CLAIM UNDER SECTION 1983 REGARDING THE DEMOLITION OF PROPERTY**

Although local governments have the ability to regulate the use and condition of private property, procedural due process requires that notice be provided to the property owner that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314 (1950); see also Mennonite Board of Missions v. Adams, 462 U.S. 791, 795 (1983); Milliken v. Meyer, 311 U.S. 457, 463 (1940).

**NEGLIGENCE DOES NOT CONSTITUTE VIOLATION UNDER SECTION 1983**

Merely negligent conduct which causes unintended injury does not give rise to a constitutional violation under Section 1983.

Daniels v. Williams, 474 U.S. 327, 330 (1986).

**DAMAGES—PROXIMATE CAUSE**

A finding of a direct causal link, or proximate cause to the alleged injury must support an award of actual or compensatory damages. "Proximate cause" may be defined as "that which in a natural and continuous sequence, unbroken by an intervening cause, produces the injury, and without which the result would not have occurred." Taylor v. Allis Chalmers Manufacturing Co., 320 F. Supp. 1381, 1388 (E.D. Pa. 1969), *aff'd*, 437 F.2d 416 (3rd Cir. 1970).

You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the actions of the defendants.

Respectfully submitted,

By:

______________________________

ARMANDO BRIGANDI, ESQUIRE
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5444
Attorney for Defendant

Date: September 21, 2009